■ GREAT LAKES CARBON CORPORATION, Appellant, v. STAUFFER CHEMICAL COMPANY et al., Respondents. (Action No. 1.) GREAT LAKES CARBON CORPORATION, Appellant, v. FISHER-PARK LANE COMPANY, Respondent, et al., Defendant. (Action No. 2.) GREAT LAKES CARBON CORPORATION, Appellant, v. FISHER-PARK LANE COMPANY, Respondent, et al., Defendant. (Action No. 3.) — Each of the judgments of the Supreme Court, New York County, entered on December 30, 1970, dismissing complaints at the close of plaintiff's case after a consolidated trial, unanimously modified, on the law, so as to reverse the dismissal as to Fisher-Park Lane Company and to direct a new trial, with costs to abide the event. Each of said judgments is otherwise affirmed. Respondent Stauffer Chemical Company shall recover of appellant in action No. 1 $50 costs and disbursements of said appeal. Great Lakes Carbon Corporation appeals the dismissal as to the Fisher-Park Lane Company in each action and in action No. 1 appeals the dismissal as against Stauffer Chemical Company. The appeals were considered on a single record. With reference to Fisher-Park Lane Company, plaintiff established a prima facie case through the testimony of experts to the effect that the leased premises were not substantially completed within a reasonable time. (*Tarlowe* v. *Metropolitan Ski Slopes*, 28 N Y 2d 410.) An issue of fact was thus presented at the close of the plaintiff's case. Therefore, the dismissal was error. The plaintiff failed to establish a prima facie case as to the defendant Stauffer Chemical Company. Stauffer was a subtenant of plaintiff. Stauffer's sublease provided that working plans were to be submitted to the plaintiff and in addition the sublease provided that if the sublessee made changes in the working plans that the delay caused thereby shall not postpone

the date of the commencement of rent. Plaintiff's proof is that Stauffer submitted revised plans on January 19, 1968. Plaintiff failed to submit any evidence as to delay consequent on such plans. The testimony on direct examination of plaintiff's expert Koch did not touch on the delay resulting from the plans on January 19, 1968. On cross-examination, Koch indicated the probability of delay. Plaintiff failed to advance specific proof as to the extent of the delay or its relation to the changed working plans. (*Lentilhon* v. *City of New York*, 102 App. Div. 548, 559.) Accordingly, the trial court properly dismissed the complaint as to Stauffer Chemical Company. Concur — McGivern, J. P., Kupferman, Murphy, McNally and Tilzer, JJ.